IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ISAAC RIVERA-JIMENEZ, # 16367-112                            PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 3:16cv406-DPJ-FKB

UNITED STATES OF AMERICA, THROUGH
THE UNITED STATES DRUG
ENFORCEMENT ADMINISTRATION, and
RANKIN COUNTY, MISSISSIPPI[1]                              DEFENDANTS

ORDER OF PARTIAL DISMISSAL

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Isaac Rivera-Jimenez is incarcerated with the Bureau of Prisons at Federal Correctional Institution-Gilmer in Glenville, West Virginia. He challenges the forfeiture of money seized in Rankin County, Mississippi. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Rankin County, Mississippi is dismissed.

I.     Background

Plaintiff filed this action on May 26, 2016, per the prison mailbox rule. Envelope [1-1]. Rivera-Jimenez alleges that, prior to incarceration, he was residing in San Antonio, Texas. Compl. [1] at 7–8. On January 17, 2004, he was traveling as a passenger in his vehicle when it was stopped in Rankin County, Mississippi, by Sheriff Deputy Shannon Penn. *Id.* at 4, 7. Rankin County seized $442,190 in cash discovered during the stop. *Id.* at 6. Rivera-Jimenez claims that this money was his and that it was subsequently forfeited to the United States of

---

[1] Plaintiff amended his Complaint to substitute Rankin County, Mississippi for Defendant Rankin County, Mississippi Sheriff's Department. Pl.'s Resp. [9] at 2. The allegations against The Sheriff's Department are, therefore, construed as allegations against the County.

America "through its agents the Drug Enforcement Administration and more specifically . . . Rankin County." *Id.* at 3. According to Plaintiff, the "money was initially forfeited [sic] to . . . Rankin County . . . on January 20, 2004. On January 28, 2004 the seizure was reported to the U.S. Drug Enforcement Agency [sic]." Pl.'s Resp. [9] at 2.

Plaintiff faults Defendants United States and Rankin County, claiming they administratively forfeited the funds without providing him notice of the intended forfeiture. Compl. [1] at 3. In fact, Rivera-Jimenez contends that he

> did not learn of the fact that his cash was seized and forfeited by the Defendant [sic] until an evidentiary hearing, on a motion to suppress (case no. 1:07-CR-00236) held on February 29, 2008 in the United States District Court for the Northern District of Georgia . . . during the testimony of Officer Shannon Penn of the Rankin County, Mississippi Sheriff Department.

Pl.'s Resp. [9] at 4.

Although the money was the subject of a motion to suppress[2] in Rivera-Jimenez's criminal case, he denies that it has anything to do with his conviction. *Id.* at 3; *see also United States v. Rivera-Jimenez*, No. 1:07cr236-RWS-RGV, Mot. to Suppress [31] (N.D. Ga. Oct. 18, 2007). Instead, Rivera-Jimenez alleges that the particular count regarding the $442,190 was dismissed by the Northern District of Georgia. Pl.'s Resp. [9] at 3. Plaintiff claims that he was arrested on April 25, 2006, for illegal re-entry of a deported alien and was convicted of "inter alia, a controlled substance offense." *Id.* at 3, 8.

In fact, Rivera-Jimenez pled guilty to illegal re-entry, conspiracy to possess with intent to distribute at least 5 kilograms of cocaine, and money laundering. *Rivera-Jimenez*, No.

---

[2]Plaintiff later withdrew this motion. *Rivera-Jimenez*, 1:07cr236 (N.D. Ga. May 6, 2008).

1:07cr236-RWS-RGV, Judgment [89] (N.D. Ga. Sept. 1, 2009) (conspiracy and money laundering); *United States v. Jimenez*, No. 1:06cr196-CC-GGB, Judgment [24] (N.D. Ga. Oct. 10, 2006) (illegal re-entry). The indictment in cause number 1:07cr236-RWS-RGV contained forfeiture counts for the drug conspiracy and money laundering. *Rivera-Jimenez*, No. 1:07cr236-RWS-RGV, Indictment [1] (N.D. Ga. July 10, 2007). And in support of the guilty pleas for these two crimes, the Government offered, among other things, the Rankin County traffic stop and discovery of the funds at issue in this case. *Rivera-Jimenez*, No.1:07cr236-RWS-RGV, Tr. [99] at 9 (N.D. Ga. Sept. 30, 2010). The Government stated:

> In addition in January 2004, the Defendant and a coconspirator . . . were traveling on I-20 in Mississippi in a Mercedes registered in a false name being used by the Defendant at the time. They were stopped for a traffic violation; and subsequently, pursuant to a consent search, a deputy sheriff located over $400,000 in a false compartment in the gas tank of the vehicle.

*Id.*

Rivera-Jimenez admitted this and that he was participating in a conspiracy to ship cocaine from Texas to Georgia, where the cocaine was distributed, and to transport the resulting drug proceeds back to Texas. *Id.* at 8–9, 12–14. As part of Rivera-Jimenez's guilty plea to the drug charge and money laundering, he "stipulate[d] to any forfeiture." *Rivera-Jimenez*, No. 1:07cr236-RWS-RGV, Minute Entry [88] (N.D. Ga. Sept. 1, 2009). This stipulation was addressed at sentencing:

| | |
|---|---|
| THE COURT: | . . . Is there a forfeiture in this case? |
| [Counsel for Rivera-Jimenez]: | I think there was, as to the money. |
| [The Government]: | Yeah. I think the money had long ago been forfeited. |
| [Counsel for Rivera-Jimenez]: | I believe it has, Judge. And to the extent |

3

|  |  |
|---|---|
|  | that it hasn't, we hereby stipulate that it would be. |
| THE COURT: | Very well.  Any proceeds of the criminal endeavor that have not heretofore been forfeited will be forfeited as well. |

*Rivera-Jimenez*, No. 1:07cr236-RWS-RGV, Tr. [100] at 7–8 (N.D. Ga. Sept. 30, 2010).

Rivera-Jimenez now asks this Court to invalidate the *civil* forfeiture of the subject funds, because he allegedly did not get notice of any such proceedings.  Plaintiff specifically invokes the Federal Tort Claim Act, 28 U.S.C. § 1346(b), the Administrative Procedures Act, 5 U.S.C. § 500, et seq., and the Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983(e).  Compl. [1] at 2, 5.  Rivera-Jimenez asks for return of the $442,190, plus interest, and punitive damages.  *Id.* at 4.

II.   Discussion

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of

4

process or before the filing of the answer." *Id.* The Court has permitted Rivera-Jimenez to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

Through the Federal Tort Claim Act ("FTCA"), Administrative Procedures Act ("APA"), and Civil Asset Forfeiture Reform Act ("CAFRA"), Rivera-Jimenez attacks the federal government's administrative forfeiture of the $442,190 seized from him in Rankin County. Rivera-Jimenez claims the forfeiture violated due process because he was not notified. The claims against Rankin County are liberally construed as ones under 42 U.S.C. § 1983, *see, e.g.*, *Cooper v. City of Greenwood*, 904 F.2d 302, 304 (5th Cir. 1990), and the Mississippi Tort Claim Act ("MTCA").

   A. Section 1983

"Because no specified federal statute of limitations exists for § 1983 suits, federal courts borrow the forum state's general or residual personal-injury limitations period, which in Mississippi is three years. . . ." *Edmonds v. Oktibbeha Cty.*, 675 F.3d 911, 916 (5th Cir. 2012) (citations omitted). Federal law, however, determines when the limitations period begins to accrue. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The claim against the County began to accrue when Rivera-Jimenez knew or reasonably should have known of his injury. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Rivera-Jimenez claims that Rankin County took the funds from him personally on January 17, 2004. This unquestionably gave Plaintiff notice of the seizure itself. Rankin County, though, is sued not because it initially seized the funds, but because it allegedly participated in the eventual administrative forfeiture of the funds without notice to Plaintiff.

Rivera-Jimenez contends that Rankin County turned over the funds to the Drug Enforcement Administration on January 28, 2004, and that he did not find this out until February 29, 2008. So at least by this date, Rivera-Jimenez's claim against Rankin County accrued. Rivera-Jimenez therefore had until 2011 to file the instant claim against the County, but the claim was not filed until 2016. The

§ 1983 claim is untimely, and will be dismissed as frivolous. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

      B.     State-Law Claim

As for any claim under the MTCA, that statute provides, in pertinent part:

> (a) All actions brought under this chapter shall be commenced within one (1) year next after the date of the tortious . . . conduct . . . and not after, except that filing a notice of claim within the required one-year period will toll the statute of limitations for ninety-five (95) days from the date the chief executive officer . . . or other statutorily designated official of a political subdivision receives the notice of claim.
>
> (b) No action whatsoever may be maintained by the claimant until the claimant receives a notice of denial of claim or the tolling period expires, whichever comes first, after which the claimant has an additional ninety (90) days to file suit; failure to file within the time allowed is an absolute bar to any further proceedings under this chapter.

Miss. Code Ann. § 11-46-11(3)(a)-(b).

In other words, Rivera-Jimenez had until Monday, March 2, 2009, to file the MTCA claim against the County, unless he served it with a notice of claim before that time. If Rivera-Jimenez timely served the notice of claim, then the statute of limitations is tolled for ninety-five days from the date the County received notice. Assuming that Rivera-Jimenez mailed a notice of claim on the last possible date, March 2, 2009, the County would have received notice approximately March 5, 2009. Giving ninety-five days of tolling from this date extends the

limitations period to June 8, 2009. Under this scenario, per subsection (b), Plaintiff would then have until ninety days after receipt of the denial of his claim or ninety days after June 8, 2009, whichever comes first. So, the latest possible time Rivera-Jimenez had to file his state-law claim against Rankin County was Monday, September 7, 2009. The MTCA claim, filed in 2016, is time-barred.

III.   Conclusion

Plaintiff's claims against Rankin County are untimely.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, the claims against Defendant Rankin County, Mississippi, should be, and are hereby, DISMISSED WITH PREJUDICE as frivolous. Plaintiff is assessed a strike pursuant to 28 U.S.C. § 1915(g). The case shall proceed against the United States for now because it is unclear from the Complaint when, or if, "final publication of notice of seizure of the property" occurred. *See* 18 U.S.C. § 983(e)(3).

**SO ORDERED AND ADJUDGED** this the 29th day of August, 2016.

                                             s/ *Daniel P. Jordan III*
                                             UNITED STATES DISTRICT JUDGE